**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| VONRAY DAVIS | CIVIL ACTION NO. 23-0949 |
| VERSUS | |
| | JUDGE ALEXANDER C. VAN HOOK |
| INDORAMA VENTURES OLEFINS, LLC | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM RULING

Pending before the Court is a Motion to Dismiss filed by Indorama Ventures Olefins, LLC (the Defendant). Record Document 38. For the reasons assigned herein, Defendant's motion is GRANTED.

## RELEVANT PROCEDURAL BACKGROUND

VonRay Davis (Davis), represented by counsel, filed this action under the Family and Medical Leave Act and the Louisiana Whistleblower Act seeking damages and any and all statutory relief on July 18, 2023. *See* Record Document 1. On December 18, 2023, Davis filed his First Amending and Supplemental Complaint seeking additional damages under the Americans with Disabilities Act. *See* Record Document 12.

A Scheduling Order was issued following a scheduling conference setting the trial for July 21, 2025. Record Document 20. A joint motion to continue was later filed by counsel (Record Document 23) and was granted by the Court. In turn, a new Scheduling Order was issued (Record Document 27) setting a new trial date for July 20, 2026.

On July 25, 2025, counsel for Davis filed an Unopposed Motion to Withdraw as Counsel of Record for Plaintiff noting that Davis repeatedly changed addresses, phone numbers, email addresses and/or all other forms of contact information, making it difficult to communicate with their client regarding the litigation. Record Document 28. In its motion, counsel for Davis detailed the various steps taken to maintain contact with Davis to include hiring a private process server to serve a letter of non-compliance upon plaintiff, and a private investigator to obtain his whereabouts, but to no avail. *See* id.

On February 13, 2026, the Court issued an order granting counsel's motion to withdraw. Record Document 36. The order stated that Plaintiff was "strongly encouraged to retain new counsel" and granted him more than a month, until March 16, 2026, to either (1) enroll new counsel to represent him in this case or (2) file with the court a written statement that he intends to represent himself.  The order warned: "Failure to take one of those steps by March 16, 2026 may result in Mr. Davis' case being dismissed, without further notice, for failure to prosecute." Id. At the request of the Court, the order was mailed by the Clerk to the Plaintiff at the address on record. In an extraordinary effort to provide notice to Davis, the Court also emailed a copy of its order to the two email addresses provided to the Court by Davis's prior counsel.

Davis has not responded to the emails and the order mailed to him was returned as undeliverable. *See* Record Documents 37 and 39. On April 7, 2026, the

Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) based on Davis's failure to prosecute. Record Document 38.

## LAW AND ANALYSIS

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing *Link v. Wabash Railroad*, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." *Rogers v. Kroger Company*, 669 F.2d 317, 319-20 (5th Cir. 1982).

The Fifth Circuit has held that a dismissal under Rule 41(b) should be granted only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992). Failure to comply with court orders after being warned that such failure would result in dismissal has been held to be "contumacious conduct" warranting dismissal under Rule 41(b). *Dorsey v. Scott Wetzel Services, Inc.*, 84 F.3d 170, 171-72 (5th Cir. 1996).

In this case, Davis has failed to comply with the Court's order to enroll new counsel or file a written statement that he intends to represent himself by the March

3

16, 2026 deadline. The Court provided ample time for Davis to secure new counsel or indicate his desire to proceed without counsel.  Davis has not taken even the simple step of alerting the Court that he desires to proceed on his own.  It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the Court and other parties. As Davis has refused to maintain contact with his prior counsel or to comply with orders of the Court, any lesser sanction would be futile. Therefore, dismissal without prejudice for failure to prosecute is the best exercise of the Court's discretion in these circumstances.

CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss (Record Document 38) is **GRANTED**. All of Plaintiff's claims filed against the Defendant are **DISMISSED** without prejudice for failure to prosecute.

**DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of April, 2026.

**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**